**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____

|                          |   |                           |
|--------------------------|---|---------------------------|
| JOSE CASTILLO,           | : |                           |
|                          | : | Civ. No. 17-13686(RMB)    |
|     Petitioner, | : |                           |
|                          | : |                           |
|   v.            | : | **OPINION**               |
|                          | : |                           |
| DEPARTMENT OF HOMELAND   | : |                           |
| SECURITY,[1]             | : |                           |
|                          | : |                           |
|     Respondent. | : |                           |

_____:

**BUMB**, United States District Judge

    Petitioner Jose Castillo, an inmate incarcerated in Southern State Correctional Facility, filed an application to proceed _in forma pauperis_ ("IFP") under 28 U.S.C. § 1915, together with a Petition For a Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking to be taken into federal custody for immigration proceedings because he is subject to a federal immigration detainer. (Pet., ECF No. 1, ¶13.) The IFP application (ECF No. 1-1) establishes Petitioner's financial eligibility to proceed without prepayment of the filing fee, and it is granted. For the

---

[1] Petitioner has not named the proper Respondent. "[T]he default rule is that the proper respondent [to a habeas petition under 28 U.S.C. § 2241] is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).

reasons discussed below, the petition is dismissed for lack of jurisdiction.

I.   BACKGROUND

On December 22, 2017, Petitioner, a state prisoner, filed a Petition for Writ of Habeas Corpus under § 2241. (Pet., ECF No. 1.) Petitioner alleges:

> I am being Held on Immigration Hold, I wish to proceed with any and all Legal Matters pertaining to my Immigration Status. In Accordance with my rights under U.S. Constitution and Laws of the United States of America.

(Pet., ECF No. 1, ¶11.) A search of the New Jersey Department of Corrections Offender Search[2] reveals that Petitioner remains incarcerated in Southern State Correctional Facility, having been sentenced to a ten-year term of imprisonment in the New Jersey Superior Court, Union County on November 1, 2017, for violation of N.J.S. 2C:35-5, manufacturing, distributing or possessing or having under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog.

II.   DISCUSSION

Habeas Rule 4 requires a judge to examine a habeas petition and summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

---

[2] Available at https://www20.state.nj.us/DOC_Inmate/inmatesearch

entitled to relief in the district court." 28 U.S.C. § 2254, Rule 4 (applicable to § 2241 petitions through Rule 1(b)).

28 U.S.C. § 2241(c)(3) provides, "[t]he writ of habeas corpus shall not extend to a prisoner unless ... He is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner who is in custody serving a criminal sentence is not "in custody" so as to confer subject matter jurisdiction in an action challenging an immigration hold or detainer. See Henry v. Chertoff, 317 F. App'x 179 (3d Cir. 2009) (a petitioner serving his federal criminal sentence "failed to demonstrate that he was being held pursuant to a federal detainer, that he was subject to a final order of removal, or even that removal proceedings had been initiated"); Zolicoffer v. United States Department of Justice, 315 F.3d 538, 541 (5th Cir. 2003) (joining the majority of circuits to consider the issue in holding that prisoners are not 'in custody' for purposes of 28 U.S.C. § 2241 simply because the INS has lodged a detainer against them.")

III. CONCLUSION

For the reasons discussed above, the Court dismisses the petition without prejudice.

An appropriate Order follows.

DATE: June 7, 2018                    s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**